Henry A. Kuckenberg and Harriet Kuckenberg v. Commissioner.
Kuckenberg v. Commissioner
Docket No. 75200.
United States Tax Court
T.C. Memo 1960-281; 1960 Tax Ct. Memo LEXIS 4; 19 T.C.M. (CCH) 1546; T.C.M. (RIA) 60281; December 30, 1960
*4 In 1955, there was assigned to a partnership of which petitioners were members all the operating assets of a corporation which had been engaged in the construction business for several years prior thereto and which was then in liquidation and was dissolved at the end of the year. At the same time there was also assigned to the partnership a contract known as the Booth Ranch contract on which the corporation had done some preliminary work. The contract was completed in 1957 by the partnership and proved to be a profitable one. In 1955, when the contract was assigned to the partnership no one could tell whether it would prove to be profitable or not and it had no fair market value at that time. The Commissioner added to the income reported by petitioners as profits from the liquidation of their stock in the corporation a sum which he contends represents petitioners' proportional share of the fair market value of the contract at the time of its assignment. Held, the Commissioner erred in his adjustment to the income reported by petitioners on their return because the contract had no fair market value at the time of assignment to the partnership. William H. Kinsey, Esq., Board *5 of Trade Bldg., Portland, Ore., and James R. Moore, Esq., for the petitioners. John D. Picco, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined deficiencies in petitioners' income tax and an addition to tax under section 6653(a), Internal Revenue Code of 1954, as follows: Addition to Tax
Year
Deficiency
Sec. 6653(a)
1954
$12,622.18
$631.11
1955
22,411.79
The deficiency for 1954 has been determined by the Commissioner's making adjustments to the $65,548.07 net income reported by petitioners on their return, as follows: (a) Dividends
$17,407.27
(b) Miscellaneous deductions
2,800.00
At the hearing a stipulation of facts was filed in which the parties agreed upon a settlement of the adjustments made by the Commissioner for 1954, as follows: 4. The preferential dividend of $17,407.27 specified in Item (a) for 1954 in the statutory notice constitutes a preferential dividend to the extent of $11,490.60, and the $5,916.67 balance is not a preferential dividend and is not otherwise taxable to petitioners. 5. The miscellaneous items specified *6 in Item (b) of the statutory notice for 1954 were not contested in the petition, having been capitalized by petitioners, and the $2,800.00 specified in said item is an unallowable deduction. Thus it will be seen that there is now no issue between the parties as to the taxable year 1954. The deficiency for 1955 results from several adjustments which the Commissioner made to the net income of $472,331.93 reported by the petitioners on their return for that year. In view of the stipulation of the parties filed at the hearing it is unnecessary to set out here the details of these adjustments. As to the year 1955, it has been stipulated by the parties as follows: 6. Except for the following, petitioners correctly reported the gain realized by them in 1955 upon the liquidation of the corporation: (i) Petitioners' gain is increased by their proportionate share (80%) of the $13,663.37 of prepaid insurance of the corporation. (ii) Petitioners' gain is increased by their proportionate share of $561.90 (80%). (iii) Petitioners' gain is increased by the $1,113.92 value of the Cadillac Sedan distributed directly to petitioner Harriet Kuckenberg. (iv) Whatever gain may be attributable *7 to the Booth ranch contract which is the only item remaining at issue in this proceeding. The additional gain specified above is long-term capital gain includible in taxable income to the extent of only 50%. Thus it will be seen that the only issue which remains unsettled between the parties for 1955 is referred to in paragraph (iv) of the stipulation quoted above and is an alleged gain which the Commissioner contends resulted to petitioners by reason of the assignment on January 14, 1955, by Kuckenberg Construction Co., a corporation, to the Kuckenberg Construction Co., a partnership of which petitioners were members, of a construction contract known as the Booth Ranch contract. This adjustment is described in detail in the deficiency notice. Petitioners assign error as to this adjustment made by the Commissioner. Findings of Fact A stipulation of facts, together with exhibits attached thereto, has been filed by the parties and is incorporated herein by this reference. The petitioners are husband and wife residing in Portland, Oregon. During the years here involved petitioners filed joint income tax returns with the district director of internal revenue for the district *8 of Oregon. The Booth Ranch contract, which was the occasion for the adjustment involved herein, was assigned by the corporation to the Kuckenberg partnership under an assignment dated December 27, 1954, a copy of which was mailed to the Oregon State Highway Department under letter dated January 14, 1955. The work on what was known as the Booth Ranch contract was being done for the Oregon State Highway Commission. The corporation commenced work on the Booth Ranch contract on or about October 7, 1954, and performed work thereunder until January 14, 1955. By November 10, 1954, the corporation had finished 20 per cent of the clearing and grubbing, and other work done by that date included 10 cubic yards of drainage excavations, 10 cubic yards of concrete, and 4,800 pounds of metal reinforcement. The corporation continued to work on the project until January 14, 1955. The corporate costs incurred on the Booth Ranch contract aggregated $74,018.05, allocated as follows: $62,652.80 in 1954 and $11,365.25 in 1955. After the Booth Ranch contract was assigned to the partnership the work was thereafter performed by the partnership. The project was completed in 1957. It proved to be a profitable *9 contract. At the time this Booth Ranch contract was assigned by the corporation to the Kuckenberg Construction Co. partnership the corporation's books showed no accrued earnings from the contract and it was not known at that time whether or not the contract would be a profitable one. The Booth Ranch contract had no fair market value at the time it was assigned by the corporation to the partnership of which petitioners were members. Opinion BLACK, Judge: As has already been stated, all the issues raised by the pleadings in this proceeding have been settled by the stipulation which has been filed by the parties, except one. The issue which remains relates to the determination by the Commissioner of alleged gain resulting to petitioners by reason of the assignment to the partnership of the Booth Ranch contract. Petitioners have assigned error as to this determination of the Commissioner. They point out that at the time the contract was assigned by the corporation to the partnership no profits had been accrued on the books of the corporation and that none were ascertainable at that time, and hence the Commissioner erred in increasing petitioners' income with respect to the contract. *10 We think petitioners must be sustained in this contention. It is true that the Booth Ranch contract which was completed in 1957 turned out to be a profitable contract but that fact was not known when it was assigned to the partnership on January 14, 1955. The corporation had performed some preliminary work on the contract and had received one small payment under the contract prior to the time the contract was assigned. Petitioner Henry A. Kuckenberg, who was the president of the corporation and the directing head of its business operations, testified at the hearing and gave as his opinion that the contract had no fair market value at the time it was assigned. The gist of his testimony was that at the time the contract was assigned no one knew or could know whether or not the contract would be profitable. He testified that the company expected to make a profit when it took a contract such as this one but that this expectation did not always turn out to be true, that sometimes in the experience of the corporation it had completed a contract at a loss. We have no reason to doubt Kuckenberg's testimony and on the strength of his testimony we have made a finding of fact that the Booth Ranch *11 contract had no fair market value at the time it was assigned to the partnership. As a matter of fact, the Commissioner in his determination of the deficiency did not determine that the Booth Ranch contract had a fair market value of $104,154.07 at the time it was assigned to the partnership. What the Commissioner did determine was that "Accrued earnings of the corporation on the Booth Ranch contract distributed to but not previously taken into account by stockholders $104,154.07." The evidence shows that there was no such accrued earnings on the books of the corporation at the time of the assignment. It is true that the Commissioner later made an allocation of the profits under the Booth Ranch contract as between the corporation and the partnership, which allocation we approved. See Henry A. Kuckenberg, 35 T.C. - (Dec. 30, 1960). But this allocation was entirely unknown to the parties at the time of the assignment of the contract. Yet, despite the above facts, respondent argues in his brief that, The Booth-Ranch contract had a fair market value of $109,930.27 on January 14, 1955, which amount constituted additional capital gain realized by the stockholders upon liquidation of the *12 corporation. As we have already stated, we have found from the evidence that it had no fair market value on that date. The joint income tax return of petitioners for 1955 is in evidence and it shows as follows: GAIN ON LIQUIDATION STOCK OF
KUCKENBERG CONSTRUCTION CO., INC.
Received in liquidation - December
7, 1955
$994,424.46
Cost - 400 shares - December 6, 1949
40,000.00
Gain on Liquidation
$954,424.46 The gain was returned by petitioners as long-term capital gain. It goes without saying that if the Booth Ranch contract had a fair market value of $109,930.27 when it was assigned to the partnership, as the Commissioner now contends, then petitioners would be taxable with their proportion of such amount. But since we have found that such contract had no fair market value at the time it was assigned to the partnership, nothing was added to petitioners' income for 1955 by reason of such assignment. As to this issue with respect to the assignment of the Booth Ranch contract, we hold in favor of petitioners. Decision will be entered under Rule 50.